UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE HEMMERDINGER CORPORATION,
d/b/a ATCO,

           Plaintiff,

v.

FRANK M. RUOCCO, JR., BORIS A. TOMICIC,
WILLIAM S. MCCAMBRIDGE, EARTH
TECHNOLOGY, INC., and RECYCLE
TECHNOLOGY, LLC,

           Defendants.
------------------------------------------------------------X

<u>MEMORANDUM AND ORDER</u>
12-cv-2650 (WFK)

**WILLIAM F. KUNTZ II, United States District Judge:**

Following a seven-day jury trial, Defendants Frank M. Ruocco, Jr., Earth Technology, Inc., and Boris A. Tomicic (collectively, "Defendants") filed motions for judgment as a matter of law, motions for a new trial, and motions for a set-off hearing. ECF Nos. 267–68, 271. For the reasons set forth below, the Court DENIES Defendants' motions.

## BACKGROUND

This is a civil RICO action about the excavation and removal of "dirty dirt" in the environmental remediation and redevelopment of "The Shops at Atlas Park." *See* Mem. & Order at 2–4, ECF No. 250 (discussing, in the context of summary judgment, the underlying facts of this case). At the heart of the dispute were Defendants' bills for soil removal services and whether the bills derived from fraud and/or racketeering. *See id.* at 1–2.

Following a seven-day trial, a jury found Defendants Tomicic and McCambridge liable for fraud in the amount of $2,000.00, and Defendants Frank M. Ruocco, Jr., Earth Technology,

1

Inc., Boris Tomicic, and Recycle Technology liable for civil RICO under 18 U.S.C. § 1962(d) in the amount of $334,766.98. Jury Verdict at 6–7, ECF No. 272. The jury found no civil RICO liability under 18 U.S.C. § 1962(c). *Id.* at 4.

The verdict sheet contained a section for claim two, RICO liability under § 1962(c), and a section for claim three, RICO liability under § 1962(d). *See id.* at 4–7. The § 1962(c) section of the verdict sheet asked, "Did a civil RICO enterprise exist among the defendants?" *Id.* at 4. The jury unanimously marked "NO" and, as instructed, continued no further on the § 1962(c) section of the verdict sheet. *Id.* The § 1962(d) section of the verdict sheet asked, "Was there an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity?" *Id.* at 6. To this question, the jury answered, "YES." *Id.* The jury found Defendants Earth Technology, Inc., Frank M. Ruocco Jr., Boris Tomicic, and Recycle Technology all "knowingly and willfully" participated as members of "the enterprise," while specifically excluding Defendant William McCambridge from the enterprise. *Id.*

The Court now addresses the post-trial motions filed by Defendants Frank M. Ruocco, Jr., and Earth Technology, Inc., (collectively, the "Ruocco Defendants") and by Defendant Boris A. Tomicic ("Defendant Tomicic"). On May 28, 2016, and again on June 3, 2016, the Ruocco Defendants filed motions for judgment as a matter of law or, alternatively, for a new trial. *See* Ruocco 1st Mot., ECF No. 267; Ruocco 2d Mot., ECF No. 271. On June 1, 2016, Defendant Tomicic filed a similar motion. *See* Tomicic Mot., ECF No. 268. The Hemmerdinger Corporation d/b/a ATCO ("Plaintiff") filed its response to Defendants' motions on July 1, 2016.

2

ECF Nos. 282–283. Defendants replied on July 6, 2016. Ruocco Reply, ECF No. 284; Tomicic Reply, ECF No. 285.

## DISCUSSION

### I. Standard of Review

#### A. Motion for Judgment as a Matter of Law

When evaluating a motion for judgment as a matter of law, a court is required to draw all reasonable inferences in favor of the non-moving party. *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007). The court "may not make credibility determinations or weigh the evidence," because those are "jury functions, not those of a judge." *Id.* Accordingly, a court may grant a motion for judgment as a matter of law "only if it can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been *compelled* to accept the view of the moving party." *Id.* at 370–71; *accord MacDermid Printing Sols. LLC v. Cortron Corp.*, 2016 WL 4204795, *3 (2d Cir. Aug. 10, 2016) (citing *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011)). This "high bar" may be met when there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture" or "there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it." *Advance Pharm., Inc. v. United States*, 391 F.3d 377, 390 (2d Cir. 2004); *Lavin–McEleney v. Marist College*, 239 F.3d 476, 479–80 (2d Cir. 2001).

B.  **Motion for a New Trial**

A court may grant a new trial in a jury case for any of the reasons "for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). The decision whether to grant a new trial under Rule 59 is "committed to the sound discretion of the trial judge." *Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir. 1992). "A new trial may be granted . . . when the jury's verdict is against the weight of the evidence." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998). In contrast to a motion for judgment as a matter of law, a court may grant a motion for a new trial "even if there is substantial evidence supporting the jury's verdict." *Id.* at 134. Additionally, "a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." *Id.* (citing *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992)). A court considering a Rule 59 motion for a new trial, however, "must bear in mind . . . that the court should only grant such a motion when the jury's verdict is 'egregious.'" *Id.* For this reason, "[a] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998)). Furthermore, "[w]here the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." *Fugazy*, 983 F.2d at 363; *see also DLC Mgmt. Corp.*, 163 F.3d at 134 ("[A] court should rarely disturb a jury's evaluation of a witness's credibility.").

4

## II. Analysis

### A. Inconsistent Verdict

Congress enacted the Racketeer Influence and Corrupt Organizations Act, known as RICO, 18 U.S.C. §§ 1961–1968, for "the eradication of organized crime in the United States." *Beck v. Prupis*, 529 U.S. 494, 496 (2000) (quoting Pub. L. 91-452, 84 Stat. 923). Congress attempted to achieve this goal "by providing severe criminal penalties for violations of § 1962." *Id.* Sections 1962(c) and 1962(d), the relevant provisions of RICO in this action, provide:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962. Section 1962(c) prohibits a member of a RICO enterprise from conducting enterprise affairs through a pattern of racketeering activity, while § 1962(d) prohibits conspiracy to violate § 1962(c), or any of the other substantive subsections of §1962. In the criminal context, an individual may be found guilty of violating § 1962(d) without having violated § 1962(c). *See Salinas v. United States*, 522 U.S. 52 (1997) (interpreting criminal RICO liability under § 1962(d)).

Congress also granted a private cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962," 18 U.S.C. § 1964(c), thus creating civil remedies to further enforce violations of § 1962. In *Beck v. Prupis*, the Supreme Court read into § 1962(d), as applied in the civil context via §1964(c), the "widely accepted" civil-conspiracy

5

proposition that "a plaintiff [can] bring suit for civil conspiracy only if he had been injured by an act that was itself tortious." *Beck*, 529 U.S. at 501. In doing so, the Supreme Court "conclude[d] that injury caused by an overt act that is not an act of racketeering or otherwise wrongful under RICO . . . is not sufficient to give rise to a cause of action under § 1964(c) for a violation of § 1962(d)." *Id.* at 505. In other words, for a civil plaintiff to recover under § 1962(d), he must first establish that a defendant committed "an act that is independently wrongful under RICO." *Id.* at 505–06.

Drawing from *Beck*,[1] Defendants present a specious argument that liability for RICO conspiracy under § 1962(d) cannot stand, because the jury found no substantive RICO liability under § 1962(c).[2] Ruocco 1st Mot. at 2. These findings, Defendants argue, create an

---

[1] Defendants also rely upon several pre-trial decisions by courts in the Second Circuit, none of which require a different outcome. *See D. Penguin Bros. v. City Nat. Bank*, 587 F. App'x 663, 669 (2d Cir. 2014); *Knoll v. Schectman*, 275 F. App'x 50, 51 (2d Cir. 2008); *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 182 (2d Cir. 2004); *Albunio v. Int'l Safety Grp., Inc.*, 15-CV-152, 2016 WL 1267795, at *7 (S.D.N.Y. Mar. 30, 2016) (Caproni, J.); *101 McMurray, LLC v. Porter*, No. 10-CV-9037 CS, 2012 WL 997001, at *9 n.8 (S.D.N.Y. Mar. 26, 2012) (Seibel, J.); *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 139 (E.D.N.Y. 2010) (Bianco, J.); *Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, 312–13 (S.D.N.Y. 2010) (McMahon, J.); *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 354 F. Supp. 2d 293, 300 (S.D.N.Y. 2004) (Castel, J.); *Allen v. New World Coffee, Inc.*, 00 CIV. 2610 (AGS), 2002 WL 432685, at *6 (S.D.N.Y. Mar. 19, 2002) (Schwartz, J.); *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 303–04 (S.D.N.Y. 2000) (Buchwald, J.).

[2] Defendant Tomicic presents identical arguments as the Ruocco Defendants. *Compare* Ruocco 1st Mot. at 3–8, *with* Tomicic Mot. at 9–15. In fact, Defendant Tomicic argues that "the jury's finding that Ruocco and ETI acted as conspirators under §1962(d) to violate §1962(c) is erroneous as a matter of law," but fails to argue the same error applies to himself. Tomicic Mot. at 9.

inconsistent jury verdict requiring this Court either to render judgment as a matter of law in their favor or to order a new trial. *Id.* The Court finds neither necessary.

The jury unanimously found Defendants not liable for violating § 1962(c) because no "civil RICO enterprise [existed] among the defendants." Jury Verdict at 4. Defendants interpret this jury determination as a finding of no RICO enterprise of any kind. *See* Ruocco Reply at 4, 6. This interpretation, however, is too expansive. The jury merely found no civil RICO enterprise among *all* the captioned defendants. In particular, the jury did not believe Defendant McCambridge to be a part of the enterprise. The jury determined that a more limited civil RICO enterprise existed, but did not—and was not given the opportunity to—determine whether § 1962(c) liability resulted from this more limited civil RICO enterprise. *See* Jury Verdict at 4 (providing only the option of finding an enterprise consisting of all the captioned defendants).

Viewed in the light most favorable to Plaintiff, the jury verdict can be interpreted as internally consistent. Specifically, the jury could have found liability under § 1962(c) for the more limited civil RICO enterprise, which would allow the jury to then find liability under § 1962(d) for this smaller enterprise. Viewed in this light, a reasonable juror would not be "*compelled* to accept," *Zellner*, 494 F.3d at 371, Defendants' assessment of the case. The Court, accordingly, DENIES Defendants' motion for judgment as a matter of law, or in the alternative a new trial.

*Cofacredit v. Windsor Plumbing*, 187 F.3d 229, 244 (2d Cir. 1999), does not require a different outcome. In *Cofacredit*, the Court of Appeals for the Second Circuit reviewed the appeal of a three-week bench trial. *Id.* at 233. The Court of Appeals found insufficient evidence

7

to support the district court's finding of a substantive RICO violation under 18 U.S.C. § 1962(c). *Id.* at 241–42. Absent a violation of any of the substantive provision of RICO and without evidence illustrating an agreement "to perform additional predicate acts," the Court of Appeals reversed the district court's finding of liability under 18 U.S.C. § 1962(d). *Id.* at 244–45. Here, in contrast to *Cofacredit*, the factfinder—a jury—did not necessarily find against § 1962(c) liability. *See supra* 6–7. The Court, therefore, is not required as a matter of law to dismiss the jury's finding of liability under § 1962(d).

### B. Insufficient Evidence

Defendant Ruocco argues insufficient evidence to support a finding of liability against him. *See* Ruocco 2d Mot. In particular, Defendant Ruocco claims Plaintiff presented no evidence at trial on whether Defendant Ruocco "knew about [or] agreed to facilitate" the affairs of a RICO enterprise. *Id.* at 4. This Court finds otherwise. Fact witness Theresa Culmone, Defendant McCambridge, and Defendant Ruocco all testified about Defendant Ruocco's relationship and involvement with Defendants Earth Technology, Inc. and Recycle Technology. *See* Trial Tr. at 298–346 (Culmone testimony); *id.* at 350–512 (McCambridge testimony); *id.* at 695–797 (Ruocco testimony). The signed checks from Earth Technology, Inc. to Recycle Technology and the subcontract between Earth Technology, Inc. and Plaza further corroborate Defendant Ruocco's relationships with Defendants Earth Technology, Inc. and Recycle Technology. *See, e.g.*, Trial Exs. 4, 5; Pl. Exs. 43, 56, 134, 137, 139, 144, 145. From this evidence, which showed Defendant Ruocco as the controlling shareholder of Recycle Technology, the jury could properly infer Defendant Ruocco's knowledge and agreement to

facilitate the affairs of a RICO enterprise. Accordingly, the Court holds that the evidence presented at trial, viewed in the light most favorable to Plaintiff, is sufficient to permit a reasonable juror to find in Plaintiff's favor.

Defendant Tomicic argues insufficient evidence to support a finding of a conspiratorial agreement, scienter, or duty to disclose.[3] *See* Tomicic Mot. at 15. These arguments, however, are an attempt to relitigate facts already considered by the jury, *see id.* at 15–21, which is improper at this stage of litigation. *See Zellner*, 494 F.3d at 371 (stating that, on a motion for judgment as a matter of law, "[t]he court is not permitted to find as a fact a proposition that is contrary to a finding made by the jury"). The Court further finds that Defendant Tomicic has not preserved his remaining arguments. *See MacDermid*, 2016 WL 4204795 at *4 ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." (internal citations omitted)). Even assuming the preservation of these remaining arguments, none satisfy the "high bar" required for a moving party to succeed on a motion for judgment as a matter of law, *Advance Pharm., Inc.*, 391 F.3d at 390, or require this Court to order a new trial, *Munafo*, 381 F.3d at 105. Accordingly, the Court DENIES the remainder of Defendant Tomicic's arguments as without merit.

### C. Set-off Hearing

For the reasons presented in this Court's Summary Judgment Decision, the Court DENIES the motion for a set-off hearing. See Mem. & Order, at 22. The Court notes that the

---

[3] Defendant Tomicic again, *see supra* Note 2, presents identical arguments as the Ruocco Defendants. *Compare* Ruocco Reply at 2–6, 7–8, *with* Tomicic Reply at 2–7, 8–10.

jury calculated a set-off figure. The jury granted Plaintiff damages in the amount of $334,766.98, Verdict Sheet at 7—$70,301.06 less than the $405,068.04 demanded by Plaintiff, Compl. at 30, ECF No. 1.

## CONCLUSION

The Court hereby DENIES the renewed motion for judgment as law pursuant to Federal Rule of Civil Procedure 50(b) by Defendants Frank M. Ruocco, Jr. and Earth Technology, Inc.; DENIES the renewed motion for judgment as law pursuant to Federal Rule of Civil Procedure 50(b) by Defendant Boris Tomicic; DENIES the motion for a new trial pursuant to Federal Rule of Civil Procedure 59 by Defendants Frank M. Ruocco, Jr. and Earth Technology, Inc.; DENIES the motion for a new trial pursuant to Federal Rule of Civil Procedure 59 by Defendant Boris Tomicic; and DENIES the request for a set-off hearing by Defendants Frank M. Ruocco, Jr., Earth Technology, Inc., and Boris Tomicic.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: September 19, 2016
Brooklyn, New York